Gunter, J.
Appellees sued to recover for legal services, claiming to have rendered them at appellants’ request. That the services were at their request appellants denied, and maintained that they had employed Joseph W. Taylor to perform the services, and that any rendered by appellees were at his .instance, and he alone liable therefor.
This presented a vital issue. The evidence thereon, being conflicting and unsatisfactory, emphasized the importance of instructions free from substantial error.
It appeared from the evidence, without dispute, that appellants, McCarthy and McCombe, knew that appellees were acting with Taylor in performing the services; appellants, however, testified that Taylor had contracted with them to perform the services, that they did not retain appellees, and that appellees were so advised. McCarthy and McCombe further testified that at the times when appellees were aiding Taylor they believed that appellees were proceeding under employment of Taylor, and that he alone was responsible for their fees.
If these facts be true, McCarthy and McCombe were not liable. Further, if these facts be true, knowledge on the part of appellants that appellees were discharging the services would not render them liable therefor.
The court charged — Instruction No. 5: “How *112 ever valuable the services of these plaintiffs may have been to any of these defendants, yet plaintiffs cannot recover of any defendant who did not employ them to render such services, unless you shall find from the evidence that the plaintiffs rendered such under such circumstances that the defendant or defendants sought to be held * * * knew they were being rendered, or ought to have known that these services were rendered.”
Instruction No. 11: “And if you find from a preponderance of all the testimony produced that plaintiffs performed the services * * * on behalf of defendants * * * and that the said defendants knew that such services were being rendered, * * * then it is your duty to return a verdict in favor of plaintiffs against such defendants, for such amounts as you may consider such services reasonably to be worth. ’ ’
The effect of these instructions was to take from the jury the vital issue, who employed appellees, Taylor or appellants? and instruct them to find against appellants, McCarthy and McCombe. These instructions charged the jury to find against McCarthy and McCombe provided they knew the services were being rendered. It was undisputed that they so knew. As such knowledge alone did not create liability it was error to so charge.
As to appellant Fry, these instructions were likewise prejudicial, because as there was evidence that he knew, or ought to have known, that appellees were rendering these services, the jury might have applied such instructions to such evidence and'found against Fry simply because he knew, or ought to have known, that the services were being performed.
It is not likely that other questions presented will arise upon a new trial, if one be had.
Judgment reversed. Reversed.